UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-338-M

| | |
|---|---|
| KIMBERLY ERWAY, as Parent of Minor Child J.E., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES TRANSPORTATION )<br>SECURITY ADMINISTRATION, )<br>UNITED STATES OF AMERICA, )<br>and JANE DOE, an Employee of the )<br>United States Transportation Security )<br>Administration, )<br>)<br>Defendants. ) | **ORDER** |

This matter is before the court on a motion to stay discovery filed by the United States Transportation Security Administration ("TSA") and the United States [DE #11], the motion having been referred to the undersigned by Chief United States District Judge Richard E. Myers II for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). Plaintiff has not responded to the motion, and the time for doing so has expired.[1] The motion is therefore ripe for ruling. For the reasons stated below, Defendants' motion to stay is granted.

---

[1] Defendants' motion indicates Plaintiff opposes a stay of discovery, but Plaintiff has not filed a written response in opposition to Defendants' motion.

## BACKGROUND

On August 23, 2021, Plaintiff filed this action for money damages and injunctive relief, alleging that her minor child was unlawfully strip searched by a TSA employee at the Raleigh-Durham airport. Defendants have moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Defs.' Mot. Dismiss [DE #9].) Defendants now seek to stay discovery pending the court's disposition of Defendants' motion to dismiss.

## DISCUSSION

An order staying discovery pending determination of a motion to dismiss is an appropriate exercise of the court's inherent power to control its own docket. *Nat'l Coatings & Supply, Inc. v. Valley Forge Ins. Co.*, No. 5:20-CV-275-M, 2020 WL 9813550, at *1 (E.D.N.C. Oct. 15, 2020); *see also* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .").

Whether to stay discovery calls for an exercise of judgment in weighing the various, competing interests of the parties to an expeditious and comprehensive disposition of all claims. *Nat'l Coatings & Supply, Inc.*, 2020 WL 9813550, at *1; *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988) ("In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the

possibility that the motion will be granted and entirely eliminate the need for such discovery.").

"Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008). Discovery should not be stayed where it is "necessary to gather facts to defend against a dispositive motion." *Nat'l Coatings & Supply, Inc.*, 2020 WL 9813550, at *1.

Defendants' motion to dismiss raises a substantial question as to this court's subject-matter jurisdiction and has the potential to terminate the action as to the only defendant parties to the action.[2] Plaintiff does not claim she will be prejudiced by a stay, nor has she offered any other reason to deny the stay requested by Defendants. Furthermore, discovery does not appear necessary to a proper resolution of Defendants' motion to dismiss.

## CONCLUSION

In the interests of judicial economy and no claim of potential prejudice having been lodged by Plaintiff, the court GRANTS Defendants' motion [DE #11] and STAYS discovery in this matter pending resolution of Defendants' motion to dismiss.

---

[2] Although Jane Doe has been named as a defendant, no summons has been issued or served on her.

3

A Case Management Order setting forth discovery deadlines and pretrial procedures will be entered upon the court's disposition of Defendants' motion to dismiss, if appropriate. Within fourteen (14) days after the court's ruling on the motion, the parties shall confer and submit, if appropriate, a Rule 26(f) report and discovery plan for the court's consideration.

This 7th day of December 2021.

_____
KIMBERLY A. SWANK
United States Magistrate Judge