IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No.: 5:21-CV-00338-M

| | |
|---|---|
| JAMII ERWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES TRANSPORTATION ) | ORDER |
| SECURITY ADMINISTRATION, ) | |
| UNITED STATES OF AMERICA, and ) | |
| JANE DOE, *an Employee of the United* ) | |
| *States Transportation Security* ) | |
| *Administration*, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on Plaintiff's Motion to Set Aside Judgment pursuant to Rules 60(b)(4) and 60(b)(6) of the Federal Rules of Civil Procedure [DE 24]. Plaintiff contends that a change in the law applicable to her claim—the Fourth Circuit's decision in *Osmon v. United States*, 66 F.4th 144 (2023)—justifies setting aside this court's judgment dismissing her Federal Tort Claims Act ("FTCA") claim against the United States without prejudice for the court's lack of subject matter jurisdiction. Defendant United States counters that Plaintiff fails to show that the judgment is void and to demonstrate an extraordinary circumstance necessary to support her request for relief. For the reasons that follow, the motion is denied.

Fundamentally, "an issue once determined by a competent court is conclusive." *Fed. Trade Comm'n v. Ross*, 74 F.4th 186, 190 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 693 (2024) (quoting *Arizona v. California*, 460 U.S. 605, 619 (1983)). Thus, "new decisions are given retroactive effect in all cases still open on direct review, but they do not apply to cases already closed." *Id.* (citations

and internal quotation marks omitted). District courts may reopen a judgment under Rule 60(b) in only a "limited set of circumstances," as the rule is meant to "make an exception to finality." *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005)). To ensure the exception is not abused, the district court must engage in a "very strict interpretation" of Rule 60(b). *Id.* at 190-91 (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc)).

Parties seeking relief under Rule 60(b) must first make a threshold showing of "timeliness, a meritorious [claim or] defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)); *see also Aikens*, 652 F.3d at 501. The United States does not argue that Plaintiff filed an untimely motion, lacks a meritorious claim, or seeks relief that will cause unfair prejudice.

The government does contend, however, that Plaintiff could have, and should have, raised on direct appeal her argument that sovereign immunity was waived under the FTCA for her false imprisonment claim involving TSA officers. "It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." *Dowell*, 993 F.2d at 48 (citing *Ackermann v. United States*, 340 U.S. 193, 198 (1950)). The Fourth Circuit instructs that "if the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, we have denied the motion as merely an inappropriate substitute for an appeal." *Aikens*, 652 F.3d at 501 (citing *Dowell*, 993 F.3d at 48). The court finds—particularly given that Plaintiff's counsel, Jonathan Corbett, is the same attorney who brought the appeal and had access to the same arguments found to be successful in *Osmon*—that the reason proffered for setting aside the court's judgment here should have been raised in a timely appeal.

Plaintiff asserts that at the time this court entered judgment, she "had recently turned 18 years old and her mother, who had battled cancer for several years, became gravely ill during and around that time" and, therefore, "Plaintiff not only had no family support, but was a teenager required to provide support to her family, and thus had neither the money, nor time, nor emotional wherewithal to challenge the decision of a federal judge." Mot. at 8, DE 24; Declaration of Jamii Erway, July 27, 2023, DE 24-1. The court is not without sympathy; however, the circumstances of this case do not rise to the level of "exceptional circumstances" necessary to meet the threshold for a Rule 60(b) motion. Two weeks before this court issued its order of dismissal on August 16, 2022, a magistrate judge in *Osmon* issued a recommendation to dismiss the FTCA claim (*Osmon v. United States*, No. 1:21-CV-00353-MR-WCM, 2022 WL 6841020, at *9 (W.D.N.C. Aug. 2, 2022)), and the district court adopted the recommendation on September 1, 2022 (*id.*, 2022 WL 4000711 (W.D.N.C. Sept. 1, 2022)). Plaintiff had turned eighteen years old, a legal adult, sometime prior to May 11, 2022, when she moved for leave to substitute for her mother as a party in this case. DE 16. Plaintiff was represented by competent counsel, as evident by his success at the Fourth Circuit. Plaintiff asserts that her mother was "gravely ill," but she does not contend that such illness hampered *her* ability to discuss with Mr. Corbett her options following dismissal of her claim and to make a decision how to proceed. While it may have been a difficult decision, it was neither involuntary nor trammeled. *See Dowell*, 993 F.2d at 48 (finding that a voluntary, deliberate, free, untrammeled, and/or considered choice not to appeal does not constitute extraordinary circumstances under Rule 60(b)); *see also Ackermann*, 340 U.S. at 198, 200 (finding that a party "cannot be relieved of [a choice not to appeal] because hindsight seems to indicate to him that his decision not to appeal was probably wrong").

Even if Plaintiff had met the threshold, the court finds she fails to show she is entitled to her requested relief. Parties may seek relief from a final judgment on a number of grounds itemized in Rule 60(b) and, here, Plaintiff invokes the grounds set forth in Rule 60(b)(4) (judgment is void) and 60(b)(6) (any other reason that justifies relief).

First, Rule 60(b)(4) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . [if] the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Ross*, 74 F.4th at 191 (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)). Thus, "[a] judgment is not void . . . simply because it is or may have been erroneous." *Espinosa*, 559 U.S. at 270 (citation omitted). Rather, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271.

In the present motion, Plaintiff bases her argument on a "jurisdictional error," which she describes as, "the Court declined to exercise its jurisdiction when it should have." Mot. at 9; *see also* Reply at 2-3 (identifying an "improper *refusal* of jurisdiction" as an error supporting her Rule 60(b)(4) argument) (emphasis in original). However, Plaintiff's argument is based on a faulty premise; while the court may accept or decline supplemental jurisdiction to hear state law claims or to hear claims under the Declaratory Judgment Act, the court does not have the authority to accept or decline subject-matter jurisdiction to adjudicate claims under the FTCA. The court either has subject-matter jurisdiction to adjudicate an FTCA claim or it does not. In this case, the court found, based on persuasive case law in effect at the time of its decision, it did not have subject-matter jurisdiction to adjudicate the Plaintiff's FTCA claim. Order at 5-18, DE 18. A subsequent

4

finding by the Fourth Circuit that the court's dispositive order was incorrect does not render the judgment void. *Espinosa*, 559 U.S. at 270.

Second, Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment [for] . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[R]elief under this catch-all provision is only available when a movant demonstrates 'extraordinary circumstances.'" *Ross*, 74 F.4th at 194 (quoting *Gonzalez*, 545 U.S. at 536). "To give Rule 60(b)(6) broad application would undermine numerous other rules that favor the finality of judgments . . . ." *Aikens*, 652 F.3d at 501.

The Fourth Circuit has determined that "a change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6)." *Moses v. Joyner*, 815 F.3d 163, 168-69 (2016) (quoting *Dowell*, 993 F.2d at 48); *see also Hall v. Warden, Md. Penitentiary*, 364 F.2d 495, 496 (4th Cir. 1966) (final judgment "should not be reopened merely upon a showing of inconsistency with [a subsequent Supreme Court's] decision"). In fact, the Supreme Court has noted that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6) . . . ." *Agostini v. Felton*, 521 U.S. 203, 239 (1997).

Plaintiff contends that the Fourth Circuit's decision in *Osmon v. United States*, 66 F.4th 144 (2023) directly contradicts this court's prior order dismissing without prejudice Plaintiff's FTCA claim against the United States and serves as a basis for Plaintiff's request to set aside the court's judgment. The court finds, based on the previously discussed precedent, that the *Osmon* decision itself does not constitute extraordinary circumstances under Rule 60(b)(6).

However, a court may [otherwise] grant relief under Rule 60(b)(6) if "such action is appropriate to accomplish justice." *Dowell*, 993 F.2d at 48 (citing *Klapprott v. United States*, 335

5

finding by the Fourth Circuit that the court's dispositive order was incorrect does not render the judgment void. *Espinosa*, 559 U.S. at 270.

Second, Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment [for] . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[R]elief under this catch-all provision is only available when a movant demonstrates 'extraordinary circumstances.'" *Ross*, 74 F.4th at 194 (quoting *Gonzalez*, 545 U.S. at 536). "To give Rule 60(b)(6) broad application would undermine numerous other rules that favor the finality of judgments . . . ." *Aikens*, 652 F.3d at 501.

The Fourth Circuit has determined that "a change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6)." *Moses v. Joyner*, 815 F.3d 163, 168-69 (2016) (quoting *Dowell*, 993 F.2d at 48); *see also Hall v. Warden, Md. Penitentiary*, 364 F.2d 495, 496 (4th Cir. 1966) (final judgment "should not be reopened merely upon a showing of inconsistency with [a subsequent Supreme Court's] decision"). In fact, the Supreme Court has noted that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6) . . . ." *Agostini v. Felton*, 521 U.S. 203, 239 (1997).

Plaintiff contends that the Fourth Circuit's decision in *Osmon v. United States*, 66 F.4th 144 (2023) directly contradicts this court's prior order dismissing without prejudice Plaintiff's FTCA claim against the United States and serves as a basis for Plaintiff's request to set aside the court's judgment. The court finds, based on the previously discussed precedent, that the *Osmon* decision itself does not constitute extraordinary circumstances under Rule 60(b)(6).

However, a court may [otherwise] grant relief under Rule 60(b)(6) if "such action is appropriate to accomplish justice." *Dowell*, 993 F.2d at 48 (citing *Klapprott v. United States*, 335

U.S. 601, 615 (1949)). The court finds that Plaintiff's citations to *Murchison v. Astrue*, 466 F. App'x 225 (4th Cir. 2012) and *Cavalieri v. Virginia*, No. 20-6287, 2022 WL 1153247 (4th Cir. Apr. 19, 2022) are misplaced in that, unlike here, the established "injustice" in each case existed at the time the challenged orders were issued. Moreover, Plaintiff fails to demonstrate how her situation is different from any other situation in which a post-judgment change in the law favors a plaintiff. *See, e.g., Dowell*, 993 F.2d at 48; *Wadley v. Equifax Info. Servs., LLC*, 296 F. App'x 366, 369 (4th Cir. 2008) (affirming district court's denial of plaintiff's Rule 60(b)(6) motion based on appellate court's contrary decision in a related case); *Howes v. Rumsfeld*, No. CV WMN-04-1083, 2006 WL 8456605, at *1 (D. Md. Aug. 30, 2006). Finally, the court finds Plaintiff's theory concerning the effect of *Ziglar v. Abbasi*, 582 U.S. 120 (2017) and *Dyer v. Smith*, 56 F.4th 271 (4th Cir. 2022) on *Bivens* claims unsupported and insufficient to constitute the "extraordinary circumstances" necessary to except this case from the presumption of finality of this court's judgment. *Ross*, 74 F.4th at 190 ("Rule 60(b) allows district courts to reopen a judgment post-direct appeal in 'a limited set of circumstances,' and it is meant to 'make an exception to finality.' But this exception to finality is not to be abused.") (citing *Gonzalez*, 545 U.S. at 528–29 and *Aikens*, 652 F.3d at 501).

In sum, Plaintiff could have, and should have, raised the "error" she asserts here at the Fourth Circuit on direct appeal. The Supreme Court instructs that "[t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Ackermann*, 340 U.S. at 198. An order granting Plaintiff the relief she seeks would pay no heed to binding precedent directing courts to "strictly" interpret Rule 60(b) to "preserve the finality of judgments" (*Ross*, 74 F.4th at 190-91) and would open the floodgates to parties who chose not to

6

Case 5:21-cv-00338-M    Document 28    Filed 03/22/24    Page 6 of 7

appeal but in hindsight determined their choices were wrong (*Ackermann*, 340 U.S. at 198). As recently stated by the Fourth Circuit,

> "[A] fundamental precept of [ ] adjudication is that an issue once determined by a competent court is conclusive." This precept ensures "that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties."

*Ross*, 74 F.4th at 190 (quoting *Arizona v. California*, 460 U.S. 605, 619 (1983) and *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981)). The circumstances presented here do not warrant this court's exercise of discretion (*see id.*) to set aside its judgment under Rule 60(b) and, thus, Plaintiff's motion is DENIED.

SO ORDERED this 21st day of March, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE